## 212

John W. Hanley
vs.     No.30639
Rhode Island Co.

July 6, 1918.

SWEENEY, J. Heard on defendant's motion for a new trial.

This case came on for a third trial on the 2nd of April, 1918, and after a six days' trial the jury returned a verdict for the plaintiff, and found specially that the brake handle did revolve so as to strike the plaintiff in the soft part of the back on the right hand side, and also found specially that he did not receive a misplaced kidney as a result of this accident.

The defendant duly filed a motion for a new trial, claiming that the verdict is against the law and the evidence and the weight thereof.

Two juries have found that the plaintiff was injured on account of the negligence of the agents of the defendant. At the former trial before me, the jury found that the plaintiff received a misplaced kidney as a result of the injury and at this trial the jury have found to the contrary. In the judgment of the Court, the finding of the former jury on

this issue was against the fair preponderance of the evidence and the finding of the jury at this trial is in accord with the fair preponderance of the evidence.

It appears from the testimony of the defendant's witnesses that when the car arrived at Kelly's Bridge from Warren, it was stopped on an incline and the hand-brake was set up tight to keep the car from rolling down the incline. When the motorman and conductor arrived from crossing Kelley's Bridge to take the car and run it back to Warren, it was necessary to have the hand-brake released before the car could be started. During this trial evidence was offered which was not introduced at the former, namely, that when the motorman would take his place at the head of the car and put on the air-brake and then give the signal to the conductor to release the hand-brake, the hand-brake and the air-brake operated on the same brake beam and while the air-brake was on the brake would not be released even though the dog had ben kicked out of the ratchet holding the hand-brake. After the dog had been kicked out of the ratchet holding the hand-brake, there would be no weight from the brake beam, or the springs attached to it, to cause the handle of the hand-brake to revolve until the motorman was ready to start his car by releasing the air-brake, and then the brake beam would fall and the handle of the hand-brake would revolve. There was conflicting testimony as to whether or not there was a sand-box back of the door in the vestibule which would prevent the entrance door from being swung so far back as to permit the handle of the hand-brake to revolve. The conductor testifies that he saw the brake-handle revolving when the car started down the incline.

The Court has carefully considered all of the evidence in the case and it cannot now say that the verdict of the jury is against the fair preponderance of the evidence or that the amount of damages awarded is excessive.

The defendant's motion for a new trial is denied.

For Plaintiff: John P. Brennan.

For Defendant: Clifford Whipple and Alanzo R. Williams.